## STEWART A. VAN DEUSEN v. ROBERT CATHCART.

*Witness—Hypothetical statements—Refusal of instructions.*

In an action on a note which a third party had either bought or made payment on, the latter was asked if there had been any talk in his presence as to whether the party indebted was to pay anything more, and answered "not the slightest. I would not have taken it under any such circumstances." *Held* proper to strike out the latter clause, as it was inadmissible for the witness to tell what he would have done under circumstances that did not happen.

Refusal of an instruction is not error where it is asked without reference to any particular circumstances and there is no testimony on either side of any such state of things as it contemplates.

Error to Bay. Submitted April 7–8. Decided April 14.

ASSUMPSIT. Defendant brings error.

*Collins & Stoddard* for plaintiff in error.

*Thomas A. E. Weadock* for defendant in error.

CAMPBELL, J.    Cathcart recovered judgment in the circuit court for Bay county, for the balance unpaid on a promissory note.    The defense was that the note had been sold at a discount to Sidney T. Holmes.    The original note was dated September 14, 1874, for $315 and interest, at six months.

On the 26th day of November, 1875, Cathcart applied to Van Deusen for a payment or partial payment on it. Cathcart's representation is that Van Deusen stated that in order to avoid some unfair debts he had placed his affairs where payment could not be coerced; but that this was an honest debt, which should be paid in full; that Holmes was buying his paper for him at fifty cents, and that whatever Holmes should give Cathcart, Van Deusen would give a new note for the balance.    Van Deusen promised to see Holmes, and left word for Cathcart to meet him at Holmes' office the next morning. At that time Holmes took the note and figured up the interest and gave Cathcart a check for $100, and told him to return in about two weeks and he would give him $71.28 more.    These two payments made up fifty cents on the dollar.    Cathcart relates his subsequent efforts to get Van Deusen to give him a new note, and various offers of Van Deusen to turn in a safe and hotel board in payment and some small cash payments.

The testimony for the defense from both Holmes and Van Deusen was positive that Holmes bought the note on his own account, and Van Deusen denied any promise to pay the deficiency.

The court below charged that if there was a sale to Holmes on his own account there could be no recovery under any circumstances.    The record presents several questions which are in our opinion in no way involved in the cause, because the jury must have found that Holmes made the payments on Van Deusen's account and not on his own; and if he did we cannot conceive what possible defense Van Deusen had to the action.

Holmes in his testimony was asked whether there was any talk in his presence that Van Deusen was to pay anything more. In reply he said "Not the slightest. I would not have taken it under any such circumstances." The last clause was stricken out. We do not think this was error. It was not admissible for him to tell what he would have done under circumstances that did not happen. It would probably have made no difference if left in, because it could not have any material bearing on the issue, but it was entirely proper to strike it out.

It is alleged as error that the court refused to charge that an agreement between Cathcart and Van Deusen for further payment was a fraud on Holmes if not made known to him. Possibly it might have been under some circumstances, if Cathcart knew that Holmes was advancing money on the faith that the whole debt was settled, and was so situated that he might be injured by it.

But the charge was asked without reference to any particular circumstances, and there was no testimony on either side of any such state of things. If Cathcart was believed, Holmes was in no way concerned with the dealings of the debtor and creditor, and was acting for Van Deusen, and entirely in his interest, so far as Cathcart had any reason to know. If Holmes and Van Deusen were believed, Holmes was equally unconcerned, as he owned the whole claim, and no payments to Cathcart thereafter would reduce it.

The remaining errors assigned are, in our opinion, foreign to the issue. The jury must, under the charge, have found that Holmes did not pay the note on his own account, and did not purchase it at all. There is no testimony tending to show any middle arrangement between an absolute sale and a payment on account. The testimony was directly opposed, and there was no room for any third or mixed theory. The jury had to choose between the only two theories sworn to, and they accepted the showing of Cathcart. While, therefore, the charge

put before them some hypotheses under which a new promise would or would not be valid, the only one which was important was that, if there was an actual sale of the note to Holmes, a new promise would be void. This was a charge in favor of Van Deusen. As already suggested, if Holmes did not purchase there is no evidence that he acted in any other capacity than as Van Deusen's agent, and with no notice to Cathcart that he had any personal interests which would interfere with arrangements between Cathcart and Van Deusen.

There is no error in the record and the judgment must be affirmed with costs.

The other Justices concurred.